Josefa Castillo v. Commissioner of Internal Revenue Megan Gemelik v. Lincoln Square Legal Services Petitioner, Ms. Josefa Castillo. Your Honors, this case is about taxes that were wrongly attributed to an indigent taxpayer who was forced to litigate because of the IRS's own errors that they refused to resolve. While the issue of jurisdiction may have been the legal issue which captured the tax court's imagination, the position of the United States maintained throughout this case was that Ms. Castillo owed taxes. As set forth in Point 1 of our brief, the tax court abused its discretion in two independent and compounding ways. The tax court misanalyzed the statutory term, the position of the United States, and ignored evidence that the IRS was not... Well, so one of the things that I'm struggling with is how we isolate the government's position. It seems to me that you are saying that they should have known based on the merits that they made a mistake. What they are saying is that the position on the merits didn't matter because they were justified for thinking it because of what the precedent in the case law was at the same time. So if you could focus on that. Yes, Your Honor, and it's correct that the amended statute of Section 7430 distinguishes between the government's positions in the administrative and judicial phases, but reasonableness of the IRS's litigation position, which is reflected in its answer, hinges on a review of what the IRS knew or should have known at the time it filed its answer. Here, the IRS knew that this case started with a third-party report, a report that's already viewed with statutory skepticism, which was addressed to Castillo Seafood and listed them as payee. Internal Revenue Code Section 6201D... Wait a minute, I'm sorry. Do you have a case that suggests that even if the government affirmatively knew it was wrong, it had to tell the tax court when it thought that the tax court couldn't hear the case? Your Honor, not exactly on the jurisdictional issue. However, in Huffman v. Commissioner, the Ninth Circuit held that it was improper for the tax court to narrowly focus on the government's concession and entirely neglect to examine the reasonableness of the IRS's simultaneous assertion in their answer that the deficiency notice was justified. Right, but that presumes us being able to infer what facts we have to know that the IRS actually knew it was wrong on the merits when it was litigating. If we were to remand back for fact-finding, do you think that you could procure more facts suggesting that they were willfully and knowingly ignoring that they were wrong on the merits? Your Honor, two points on that question. First, the record is clear that Ms. Castillo did not owe the underlying taxes because the affirmative proof that the IRS had within its administrative file at the time it filed its answer and which it relied upon in its answer was inadequate under Section 6201D, which essentially states that the IRS has to produce additional information concerning the deficiency. But additionally, other proof within the administrative file showed that Ms. Castillo did not owe the underlying taxes. And secondly, this court should not remand to the lower court because, and while it does have that option, it should not do so because there are ample grounds on this record to find that Ms. Castillo is the prevailing party within the meaning of the statute and that the IRS was not substantially justified because the IRS conceded on the same record that they had before them when they filed their answer. The IRS does not allege that they investigated or provided additional information prior to their concession. And so this court has before them the same record that the IRS had when it filed its answer. And the position of the United States is established in its answer. Here, the government took the affirmative position within its answer that Ms. Castillo owed the underlying taxes and had no defense against an IRS lien. So there's something intuitive about what you're saying, that the tax court ought to consider not just the IRS's position at the litigation phase with respect to jurisdiction, but also the underlying merits of the tax claim. But I guess what I'm having a hard time understanding is since the statute bifurcates administrative costs and litigation costs, under what circumstances, if we were to take your approach, would those two ever go in different directions? It sounds like you're saying that at the initial stage, if the government's position is not substantially justified, that infects everything going forward. Is that not right? No, Your Honor. In Pacific Fisheries v. Commissioner, the Ninth Circuit looked to the government's whole course of conduct, as Ms. Castillo asserts that this court should do, to determine that the IRS's position was substantially justified. It noted that Section 7430 doesn't provide a bridge for conduct or events that span both the administrative and judicial proceedings. And so the fact that the IRS was unreasonable in the administrative phase does not automatically taint the reasonableness of the government's position in the judicial phase. The Ninth Circuit explained that since the IRS gave up their unreasonable position by conceding the case and withdrawing the defective summonses at the onset of the litigation, the IRS's change in position to become more reasonable was substantially justified. And what's different here is that didn't happen at the litigation phase. The IRS continued to assert the validity of the underlying tax liability. Yes, Your Honor. Precisely. The case before this court is not a change in position case. The IRS maintained the same unreasonable position, exacerbated by their own errors throughout both the administrative and judicial proceedings. And, Your Honors, they conceded this case on the same record that they had when they filed their answer in 2019, showing that the record that's before this court is what the IRS had at the time they filed their answer. So do you think that now that we have some clarity from, I guess you pronounce it, Bucher? Beckler. Beckler decision, that we now know that litigants who are allowed to equitably told a 30-day limitation, they would not be in the same position as Castillo. So we would not have an issue anymore where the government isn't investigating the merits of the case at all, because it knows that it might be forced to litigate beyond the 30-day mark going forward. So has this solved the problem for people in the future? Your Honor, what this court should apply and what the standard for substantial justification is, is that the position of the United States must be reasonable or must be justified to a degree that could satisfy a reasonable person. While Beckler did determine that jurisdiction, that the 30-day period for a notice of determination was subject to equitable tolling, in future cases we are simply focused on the conduct of the IRS and whether that conduct was unreasonable at the time they took the position in their answer in the judicial phase. And here the government was unjustified in taking the position that Ms. Castillo owed the taxes and did not have a defense against an IRS lien in its answer. The lower court confused a legal issue with the government's position, and that overly narrow specification caused the tax court to ask the wrong question when applying the substantial justification standard. The question was not- So the tax court erred in not understanding that it could consider the IRS's position throughout. Why should we make a determination in the first instance as to whether or not taking into account the IRS's position throughout, not just at the litigation phase, but throughout, whether or not that was substantially justified? Shouldn't we remand to the tax court to make that determination in the first instance? No, Your Honor, because the tax court was always required to consider its jurisdiction, but the IRS had the power and the obligation to simply abate the taxes altogether. The IRS knew or should have known that it had no proof that Ms. Castillo owed the taxes, and the IRS asserted that jurisdictional claim in reliance on Ms. Castillo's failure to respond to an undelivered notice. I understand that's your position, but since the tax court didn't take that into account in its assessment of whether or not the government's position was substantially justified, it omitted that from its analysis, shouldn't we allow the tax court to make that determination in the first instance, taking into account everything here rather than doing it for the tax court first? Your Honor, while this court has that option, we urge this court not to because the record is clear and the case law is clear that the position of the United States is established in its answer and that the IRS's whole course of conduct is relevant, and then the record makes clear that the IRS was not substantially justified here. Well, in some ways it's almost like you're suggesting that the government is in a different position than ordinary litigants. It has a duty to try and be fairer than give up a winning hand, which is the tax court can't hear it. Is that right? No, Your Honor. The purpose of Section 7430 is to improve access to justice and to deter abusive actions by the IRS, and so the IRS simply has to act reasonably. They have to act as a reasonable person would. If they thought that there was no jurisdiction, that the tax court couldn't hear it prior to the bifurcation, why isn't that reasonable? Because, Your Honor, they also took the affirmative position that Ms. Castillo owed the underlying taxes, and they asserted that jurisdictional defense when it was their own errors that caused Ms. Castillo's untimeliness. No reasonable person would think it was justified for the IRS to drag a low-income litigant through four years of expensive litigation when they took a position that was not substantially justified. Okay, thank you so much. We'll hear from you, Your Honor. Thank you, Your Honors. Good morning, Your Honors. May it please the Court, Sam Jones on behalf of the Commissioner of Internal Revenue. I'd like to start by addressing a couple points that came up from my friend on the other side, and that's first the underlying merits of Castillo's liability. I think in the first instance we argued that the Commissioner's position as expressed in his answer, and that was subsequently litigated throughout the entirety of the tax court proceedings, was jurisdiction. But even if this Court were to say that the merits of Castillo's underlying liability were at issue before that jurisdictional issue was resolved, we think the Commissioner's position on that expressed in his answer was reasonable to deny for lack of knowledge those liability-related allegations based upon the evidence that Castillo presented. That is, one unfiled, unsigned tax return purporting to show that another individual owned the business in question, Castillo's Seafood. Castillo did not dispute that she was identified on third-party information reports with that business that the Commissioner used to determine that she owed taxes in the administrative notices, and she does not dispute that at one point owned that business that bears her name. So, as we argue on pages 46 and 48 in our brief, we think it was an open question at the outset of the case of whether Castillo owed taxes. And it was entirely reasonable for the Commissioner to assert, as he did in his answer, that he thought... But I think what your colleagues are saying is that the litigation position, in order for it to be substantially justified, has to be fact-bound such that the tax court has to look at all available context, right? I think that is what they're saying, Your Honor. I think I'll take that in two parts. First, I think the Commissioner's position informs what facts are relevant to determine whether that was reasonable or substantially justified. Here, we think that was the jurisdictional position, and the tax court indeed considered those jurisdictional. Okay, but wouldn't the logic of that, though, mean if the government 100 percent knew that it was 100 percent wrong, they could still try to fight a litigant like Ms. Castillo on the jurisdictional front? I think, Your Honor, that's the nature of a jurisdictional question, that regardless of what is going on with the merits of the dispute, if the tax court or any court... She didn't know, right? Say that again, Your Honor. That would mean that a taxpayer would be stuck paying a deficiency. She didn't know. Potentially, Your Honor, but I think the point of the substantial justification test, the focus of the substantial justification test is the facts and the law at the time the Commissioner took his position. Okay, but what is the position, right? Aren't we supposed to figure it out? They're telling you that they took the position and the answer. Is it we've got to formulate a general rule? The tax court looked at the answer. Right. Should it be at multiple stages of litigation? Is there a bright line rule? What are we supposed to be deciding how we isolate the government's position here? I think the cases that we cite in our brief that have looked at this issue under the new version of Section 7430 look at the onset of the case first as expressed in the government's answer, but also at each subsequent stage. And I think that provides a clarifying fact here for determining what the Commissioner's position is in the litigation. And then at each subsequent stage here, the Commissioner was arguing that the tax court lacked jurisdiction. He identified that position in his answer. He moved to dismiss after order to do so by the tax court. And on the appellate level, in this court on the first appeal, that's what he was arguing to this court, that the tax court lacked jurisdiction at each stage. In your answer, though, the Commissioner also takes the position that the underlying tax, there is liability on the underlying tax claim for Ms. Castillo, and you were just arguing that that was substantially justified, right? Correct you, Your Honor. And what do we know about whether the tax court considered that in its assessment of whether or not the government's position was substantially justified or what the tax court thought whether it could even consider that? Did the tax court consider that at all? Not in its opinion. It did not consider the merits. It focused solely on the jurisdictional question, right? That's true, Your Honor. And I think this court can affirm on any basis if it does think that the court should have considered whether the denials for lack of knowledge in his answer expressed a position on underlying liability. I think we should still affirm because, you know, the record is clear. It's one piece of evidence. If that were the case, though, why wouldn't we remand? If the tax court could consider the totality of the government's position, but for whatever reason just focused on one aspect of it, you may disagree as to whether or not that's the primary point, the jurisdictional point. But if it was appropriate or if the tax court simply had the discretion to consider everything but didn't do that, shouldn't we say the tax court should make that assessment in the first instance? You're correct, Your Honor, that it's in the tax court's discretion to determine the scope of the commissioner's position and what his position is. I think you don't need to remand back to the tax court to redo that analysis because it's not like there's an additional fact-finding or anything that the tax court needs to do in order to determine whether the commissioner's position, if this court assumes that the commissioner did take a position on liability. There's no additional fact-finding that the tax court needs to do to determine whether the commissioner was reasonable. It's not a question. The tax court said the commissioner's position on the jurisdictional question was substantially justified. Right, full stop. And so Ms. Castillo's not entitled to fees, but if instead, you know, the tax court had the ability to look at the totality of the government's position but didn't do that, it's hard for me to understand then, you know, especially since, you know, we're only at the jurisdictional question because the government has asserted that there's underlying tax liability, which may not have been substantially justified. So I guess on the jurisdictional point, you know, in addition to what's identified in the answer, again, the court does need to look to each subsequent stage to determine the government's position. And at each stage here, that's what the commissioner was arguing. On the underlying liability, we don't think the tax court needs to redo its analysis because ultimately it did, you know, cite two Huffman and the appropriate analysis in determining the commissioner's position. It just focused on the jurisdictional issue. But on the underlying liability, we think, you know, based upon the record and the information that Castillo had provided the commissioner at the time of his answer, it was entirely reasonable and substantially justified for the commissioner to deny, for lack of knowledge, those allegations. Again, this is an allegation Castillo made at the outset that she did not owe taxes solely because another business entity that she once owned exclusively received that income. Again, that is supported by an unsigned, unfiled tax return that she provided at the administrative stage. The commissioner asked after his answer whether she had any additional documentation to prove that point. She said that she did not. So this is not a question of what the commissioner knew and when he knew it. We knew what he knew at the outset, and that's the singular unsigned tax return. So it was entirely reasonable to deny those allegations. I mean, it seems to me that Ms. Castillo is in a singularly unfortunate position because, one, she didn't owe the underlying deficiency. The IRS kept insisting in both the administrative and tax court contest that she could not challenge that deficiency substantively. She missed deadlines, but she never received the notices. And now she's out, like, about $130,000 in litigation costs. And the original deficiency and penalty totaled only about $44,000 in the beginning. Is this the kind of fact pattern that the government wants us to be making law on? I guess on one point, Your Honor, I'd note that she had been provided pro bono legal services, so I don't think she had actually expended that sum. But we conceded below at the administrative level that she should have been able to challenge her underlying liability in the CDP proceeding. That said, I think- The position seems to be that the government is wrong. It has treated her unfairly, but under the law, that's too bad. That's not correct, Your Honor. I think the substantial justification test, again, focuses on the facts and the law at the time the commissioner took his position. On the facts, it's undisputed that the commissioner properly mailed Castillo a notice of determination, which started the 30-day limitations period for filing a petition in tax court. It's undisputed that Castillo missed that 30-day deadline. And at the time, it was unanimous amongst the courts of appeals and the tax court that the failure to meet that deadline was jurisdictional. We recognize and courts have recognized that those jurisdictional time bars could- I see my time has expired. No, no, no. We've got a couple more questions for you. Okay, great. Just to finish, courts have recognized that these jurisdictional time bars could cause unfairness in certain situations, but that was the sort of price of a more workable tax collection system. I said it's unfair, but that's still wrong. In one sense, Your Honor, but I think the tax court did look at the relevant facts and legal questions in determining whether the commissioner's position was substantially justified. Castillo harps on that she did not receive the notice of determination, but courts have repeatedly held, and this court had held, that the start of that 30-day limitations period is prompted by the proper mailing. It's not disputed that the commissioner properly mailed that notice of determination here, and that's what started that 30-day deadline. Okay, so did you guys go to Tampa? We did, Your Honor. Would it be useful to go again? Possibly, Your Honor. I'd have to speak to- Do I have your representation that the government would negotiate in good faith? Absolutely, Your Honor. Thank you. I'm sorry. I probably should have asked this question earlier, but I just want to get clarity on your position. Sure. It's not that there's a strict- When a court's assessing whether or not there should be litigation costs, your position is not that there's- and correct me if I'm wrong- Sure. There's a strict bifurcation in assessing whether or not the government's position is substantially justified between the administrative phase and the litigation phase. The court can look at both in determining whether or not costs are appropriate at the litigation phase. Is that right? That's correct, Your Honor. I think- So to determine the commissioner's position in the judicial proceeding, the court looks to that judicial proceeding. But to determine whether that was reasonable, it can review pre-litigation facts to determine the reasonableness of the commissioner's position. We think the tax court did that here. But the tax court limited its analysis to the jurisdictional question. It didn't- You're making all kinds of arguments about why the commissioner's position was substantially justified, which it may or may not have been. But is any of that in the tax court's opinion? On the question of whether the tax court had jurisdiction, it is in that- Not on the jurisdictional question. Sure. On the underlying liability, I guess. It's correct, Your Honor. It did not address Castillo's underlying liability. But I would, again, note that the jurisdictional issue was what the parties were litigating for three years. I think it was entirely- It was not abuse of discretion for the tax court to define the commissioner's position based upon what the parties were actually litigating in the court proceeding for which- The change of law. They were not required to go back and revisit it because the law had changed. On the jurisdictional question, you're correct, Your Honor, because of the Supreme Court's Beckler decision that said that deadline was no longer a jurisdictional bar. Thank you so much.  And, Counselor, I'm hoping that you can provide some, when you have your very short time on rebuttal, some clarity between the difference between ultimately correct on the merits and substantially justified in having litigated it. Yes, Your Honor. Thank you. And three points on rebuttal. Addressing your first concern, substantial justification requires that the position of the United States is justified to a degree that can satisfy a reasonable person or have a reasonable basis in both law and fact. While the court does not have to consider the question of the merits, what the court has to consider is what the IRS knew or should have known at the time it filed its answer. And the IRS knew or should have known that Ms. Castillo did not owe the taxes, yet it took the affirmative position. Wait a minute. No, I mean, it had one of our unpublished opinions and the published opinions of every other circuit that weighed the question, as well as the tax court itself, telling them that they would have won on the jurisdictional issue. Why doesn't that make it substantially justified? Yes, Your Honor. And while the IRS is free to pursue non-frivolous legal arguments, it does so at the risk of having to reimburse attorney's fees when its underlying conduct is unreasonable. Even if the IRS had legal authority to act in this manner, that is a separate consideration than whether it was reasonable for the IRS to take the position that it did. Well, then what does it mean to be substantially justified? What does it get them? It means that they've acted reasonably within the proceeding. Right, but then what follows from that? Because it sounds to me like you're saying, okay, they could be substantially justified and still have to pay attorney's fees. Is that what you're saying? If not, please clarify. No, Your Honor. The IRS was not substantially justified here because they acted unreasonably when they asserted that she owed the taxes that they knew she never owed, and they asserted a jurisdictional defense that their own errors caused. Your Honor, circumstances beyond Ms. Castillo's control, but very much within the IRS's control, compelled this low-income taxpayer to litigate an unjust $100,000 tax liability and lien that the IRS never had. Can I ask the same question that I asked of opposing counsel? Do you believe that going to camp would be productive or fruitful? Your Honor, if I may, because Mr. Mellick was not involved in the case at the time that we were involved in the camp discussions, so I will just note that at that time, at least it was the government relied heavily on the bifurcation and the jurisdictional defense. I'm sorry. I'm going to ask more pointedly. I'm going to ask two questions. One, do you believe that it would be fruitful? And two, would you represent that if you were there, you would discuss everything in good faith? Could it be fruitful? Your Honor, having heard the argument, I can certainly believe that it could be fruitful. We would certainly, of course, proceed in good faith as Ms. Castillo is looking to put an end to this lengthy litigation. Okay. Thank you so much. This has been very well-argued. We appreciate it.  There's an irony here. You're not being paid for standing up. I think maybe you're better off when you come into this court with a lawyer you didn't pay for than a lawyer that you did. Okay. Thank you both. This was very well-argued. Thank you, Your Honors. Appreciate it.